UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICO, BRENDAN OTTOBONI, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:19-cv-02578-MCE-DMC<br><br>**ORDER** |

Through the present action, Plaintiff Matthew A. Thompson ("Plaintiff") seeks damages from his former employer, Defendant City of Chico ("Chico") and Chico's Director of Public Works, Brendan Ottoboni, stemming from the termination of Plaintiff's employment in 2019.

Plaintiff's Complaint was filed in this Court on December 19, 2019. Federal jurisdiction is premised on two claims alleging due process and free speech violations of the United States Constitution, as alleged in the Eighth and Tenth Causes of Action. The remaining ten causes of action are predicated on either state statutory, constitutional, or common law violations.

Presently before the Court is Defendants' Motion for Summary Judgment, or alternatively for Partial Summary Judgment (ECF No. 12) in which Defendants argue

1   that all of Plaintiff's claims fail for various reasons.  By way of opposition to Defendants'
2   Motion, Plaintiff does not oppose dismissal of either of the federal claims upon which
3   federal question jurisdiction under 28 U.S.C. § 1331 was predicated.  See Pl.'s Opp.,
4   ECF No. 19, p. 7.
5       28 U.S.C. § 1367(a) permits federal court to exercise supplemental jurisdiction
6   over state law claims provided those claims form part of the same case or controversy
7   presented by the claim or claims falling within its original jurisdiction.  However,
8   supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."  City of
9   Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997).  Indeed, the statute
10  makes it clear that supplemental jurisdiction may properly be declined under certain
11  conditions, including where all claims conferring original jurisdiction have been
12  dismissed.  28 U.S.C. § 1367(c)(3).  Although federal courts should look to
13  considerations of judicial economy convenience, fairness and comity in assessing
14  whether the exercise of supplemental jurisdiction is appropriate, when "federal-law
15  claims have dropped out of the lawsuit in its early stages and only state-law claims
16  remain, the federal courts should decline the exercise of jurisdiction by dismissing the
17  case without prejudice."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988),
18  citing Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966); see also Pristavec v. Meno
19  Holdings SPV, LP, No. 21-cv-04458-EMC, 2022 WL 888440 at *11 (N.D. Cal. March 25,
20  2022) (in the usual case, once federal claims have been disposed of in their entirety,
21  declining to exercise jurisdiction over the remaining state-law claims is indicated, citing
22  Cohill, 484 U.S. at 350 n. 7.)
23      Here, in response to Defendants' Motion for Summary Judgment, Plaintiff fails to
24  even oppose dismissal of either federal cause of action upon which federal question
25  jurisdiction is premised, which leads the Court to conclude that both claims were, in fact,
26  insubstantial.  Moreover, the absence of any remaining federal claim leaves only claims
27  premised on state law to be adjudicated.  That task is better left to California courts,
28  particularly since this Court suffers from one of the highest weighted caseloads in the

nation which makes expeditious handling of pending litigation already problematic. Additionally, while Plaintiff's decision to abandon his federal claims comes at the summary judgment stage, there have been no other proceedings in this matter since the case was initiated, and no trial date has been set.  This Court can discern no good reason to exercise supplemental jurisdiction at this juncture over the remaining ten state law causes of action and, in exercising its discretion, declines to do so.  Plaintiff's lawsuit is accordingly dismissed, without prejudice, and the Clerk of Court is directed to close the file.

Because the Court has determined that the exercise of supplemental jurisdiction is not indicated under the circumstances, and given its dismissal without prejudice, Plaintiff may refile his claims in the appropriate state court.  <u>Bass v. Parkwood Hosp.</u>, 180 F.3d 234, 246 (5th Cir. 1999).  In accordance with the provisions of 28 U.S.C. § 1367(d), any applicable statute of limitations as to Plaintiff's state law claims are tolled during the period their lawsuit was pending in this Court, and for thirty (30) days following this dismissal, unless state law provides a longer period.

IT IS SO ORDERED.

Dated:  May 12, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE